UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>DEBRA J. JONES<br><br>Debtor | Chapter 7<br>Case No. 11-40015-MSH |

**MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION**

On July 14, 1994, the debtor and her husband purchased their home at 35 19th Avenue, Haverhill, Massachusetts and took title as tenants by the entirety. On December 12, 1996, the debtor recorded a Declaration of Homestead on her home pursuant to Mass. Gen. Laws ch. 188, § 1 (2010) at the Essex South District Registry of Deeds. Subsequently, the debtor and her husband divorced and on August 1, 1997, pursuant to their divorce agreement, they recorded a quitclaim deed conveying the property from the debtor and her former or soon to be former husband to the debtor individually. The deed did not expressly reserve the debtor's homestead estate.

On January 3, 2011, the debtor commenced this Chapter 7 case. On Schedule C of her bankruptcy petition, the debtor, invoking the 1996 Declaration of Homestead, claimed an exemption in her home and sought to exempt $86,787 in equity in the property.

On March 11, 2011, the trustee filed an objection to the debtor's homestead exemption claim arguing that pursuant to the applicable version of Mass. Gen. Laws ch. 188, § 7 (2010), the homestead upon which the debtor based her Schedule C exemption had been terminated by the

1

August 1, 1997 conveyance of the home from the debtor and her husband to the debtor

individually.[1]

> Mass. Gen. Laws ch. 188, § 7 (2010), provides:
>
> An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:--(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and the owner's spouse, if any, which does not specifically reserve said estate of homestead; or by (2) a release of the estate of homestead, duly signed, sealed and acknowledged by the owner and the owner's spouse, if any, and recorded in the registry of deeds for the county or district in which the property is located.

Mass. Gen. Laws ch. 188, § 7 (2010).[2]

---

[1] On July 26, 2011, the trustee filed separately an objection to claim of homestead and an amended objection to claim of homestead. No explanation was offered by the trustee as to why these additional objections were filed, but as they merely repeat the objection raised in her original objection, this memorandum applies to the July 26th objections as well.

[2] On December 16, 2010, Governor Deval Patrick signed into law an act of the legislature which completely revised the existing version of Mass Gen. Laws ch. 188. The new statute provides for an automatic homestead exemption, which is defined as

> an exemption in the amount of $125,000 pursuant to section 4; provided, however, that: (1) with respect to a home owned as joint tenants or as tenants by the entirety, the automatic homestead exemption shall remain whole and unallocated between the owners, provided that the owners together shall not be entitled to an automatic homestead exemption in excess of $125,000; and (2) with respect to a home owned by multiple owners as tenants in common or as trust beneficiaries, the automatic homestead exemption shall be allocated among all owners in proportion to their respective ownership interests.

Mass. Gen. Laws ch. 188, § 1 (2011). The amendments also substantially rewrote § 7 governing the termination of a homestead during the lifetime of a homeowner. The amended statute, renumbered at § 10, provides in pertinent part, that

> (b) no deed between spouses or former spouses or co-owners who individually or jointly hold an estate of homestead . . . shall terminate the homestead unless each co-owner, spouse, former spouse or trust beneficiary entitled to the benefit of the

2

According to the trustee, since the 1997 transfer of the home by the debtor and her husband was a conveyance and the deed did not expressly reserve the debtor's homestead estate, the homestead was terminated. The debtor argues that under the statute the question of homestead termination is a question of fact and the facts would show that the debtor never intended to waive her homestead rights when she took sole title to her home in 1997.

The positions of the parties are in stark and unadorned conflict and the stakes for each considerable. The question boils down to this: Does Mass. Gen. Laws ch. 188, § 7(1) (2010) terminate the debtor's homestead estate because of the 1997 intrafamily transfer of title to her home? Regrettably, it appears that no Massachusetts court has addressed this issue. Accordingly, I must attempt to predict how the Massachusetts Supreme Judicial Court would rule if the issue were before it. *Garran v. SMS Fin. V, LLC (In re Garran)*, 338 F.3d 1, 6 (1st Cir. 2003).

First principles of homestead analysis under Massachusetts law require recognition that homesteads are designed to "benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors." *Shambam v. Masidlover*, 429 Mass. 50, 53,

---

> homestead has executed an express release [recorded and duly signed and acknowledged by owner and a non-owner spouse or former spouse] or [execution of a deed or a release of homestead by the trustee; or action of a beneficial owner identified in the declaration].

Mass. Gen. Laws ch. 188, § 10 (2011).

Under the amended statute, there would be no doubt that the 1997 conveyance did not terminate the debtor's homestead. The amendments, however, did not become effective until March 16, 2011. Because the debtor filed her petition prior to that date, the old version of Chapter 188 applies to the debtor's declaration of homestead.

3

705 N.E.2d 1136, 1138 (1999). The laws are based on public policy that favors "preservation of the family home regardless of the householder's financial condition." *Dwyer v. Cempellin*, 424 Mass. 26, 29, 673 N.E.2d 863, 866 (1996). Considering the public policy and purpose of the statute, the state homestead exemption should be construed liberally in favor of debtors. *Id.*

Fundamental rules of statutory construction require the court to look "to the particular statutory language at issue, as well as the language and design of the statute as a whole." *Sullivan v. Everhart*, 494 U.S. 83, 89 (1990) (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)). The court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). The Massachusetts Supreme Judicial Court has recognized as a canon of statutory construction that "the primary source of insight into the intent of the Legislature is the language of the statute." *Provencal v. Commonwealth Health Ins. Connector Auth.*, 456 Mass. 506, 513-14, 924 N.E.2d 689, 694 (2010) (quoting *International Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 853, 443 N.E.2d 1308, 1316 (1983)). "[S]tatutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result." *Provencal*, 456 Mass. at 514 (quoting *Sullivan v. Brookline*, 435 Mass. 353, 360, 758 N.E.2d 110, 115 (2001)).

Giving effect to § 7 consistent with its plain meaning and in light of the aim of the homestead legislation convinces me that the interpretation advanced by the trustee is unsupportable. Section 7 begins "an estate of homestead created under section two **may** be terminated." (emphasis supplied). The use of the word "may" makes the statute volitional. The word "may" denotes a discretionary power. *Provencal*, 456 Mass. at 513-514 (citing *Brittle v.*

4

*Boston*, 439 Mass. 580, 594, 790 N.E.2d 208, 218-19 (2003) ("may" is permissive, not mandatory); *Turnpike Amusement Park, Inc. v. Licensing Comm'n of Cambridge*, 343 Mass. 435, 437, 179 N.E.2d 322, 324 (1962) ("The word 'may' in a statute commonly imports discretion"); *Cline v. Cline*, 329 Mass. 649, 652, 110 N.E.2d 123, 125 (1953) (same)).

If every deed conveying property which does not specifically reserve the estate of homestead automatically terminates the homestead, where is the choice or discretion implicit in the word "may?"   The language of the statute presupposes an intention on the part of the property owners to terminate the homestead.   The substitution of the word "shall" for "may" illustrates how easily the legislature could have, had it chosen to, implemented the result advocated by the trustee.   The legislature did not use the mandatory "shall," one presumes in order to avoid causing homestead termination by ambush upon transfers such as the one involving the debtor's home.

Indeed, in the 2010 amendment to Mass. Gen. Laws ch. 188, § 7, the legislature made clear that deeds between spouses or former spouses would not terminate existing homestead estates unless an express release is executed.   *See* Mass. Gen. Laws ch. 188, § 10 (2011).

In *In re Hildebrandt*, 320 B.R. 40, 46 (B.A.P. 1st Cir. 2005), a case involving facts similar but not identical to the one before me,[3] the Bankruptcy Appellate Panel for the First Circuit affirmed the bankruptcy court's ruling that a transfer by unrelated tenants in common to one of them individually terminated a prior estate of homestead under Mass. Gen. Laws ch. 188, § 7(1) (2010).   The BAP focused exclusively on the language of § 7(1) and concluded correctly that

---

[3] Unlike this case, the parties in Hildebrandt were not family members.   Also in Hildebrandt, both owners signed the declaration of homestead while, in this case, only the debtor signed.

5

within the confines subsection (1), the intention of the transferors was immaterial to a determination that the homestead was terminated by a conveyance. Reading subsection (1) without reference to the introductory clause that precedes it, however, isolates the subsection from its context. Had the BAP broadened its statutory inquiry to include the introductory clause of § 7 containing the discretionary predicate, it may very well have reached a result consistent with the statutory interpretation adopted here.

The debtor is correct that when a dispute arises as to whether a conveyance has terminated an existing homestead declaration under Mass. Gen. Laws ch. 188, § 7(1) (2010), a determination must be made as to the intention of the transferors. For this reason a hearing will be scheduled for the purpose of allowing the parties to introduce evidence or to stipulate to the facts on this issue.

In addition to objecting to the homestead exemption, the trustee objected to the debtor's claim of exemption in a TD Bank savings account. Subsequent to the objection, the debtor filed an amended Schedule C which revised the exemption claimed in that savings account. It is unclear if the trustee intends to press her objection. Within 14 days of the date of this memorandum, the trustee shall file either a withdrawal of her objection to the exemption of the savings account or an amended objection thereto.

A scheduling order shall issue.

At Worcester, Massachusetts this 28th day of July, 2011.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing: Kenneth E. Lindauer
Law Offices of Kenneth E. Lindauer
Salem, MA
for the plaintiff

Janice G. Marsh, Trustee
The Marsh Law Firm, PC
Worcester, MA
for the trustee